IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CARRIE J. NICHOLES,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. WDQ-10-1270 |
| **ADVANCED CREDIT MANAGEMENT, INC.,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned for review of plaintiff's Motion for Default Judgment, Request for Statutory Damages, Costs and Reasonable Attorney Fees (Paper No. 6) and to make recommendations concerning damages, pursuant to 28 U.S.C. § 301 and Local Rule 301.6. (Paper No. 7.) For the reasons discussed herein, I respectfully recommend that plaintiff's motion (Paper No. 6) be GRANTED and that damages be awarded as set forth herein.

### I. BACKGROUND

Plaintiff Carrie J. Nichols filed a Complaint in this court on May 19, 2010 alleging that defendant Advanced Credit Management, Inc., a debt collector with a principal place of business in Utah, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., in attempting to collect a debt from plaintiff. (Compl., Paper No. 1.) Specifically, plaintiff alleges that defendant represented to plaintiff that a "legal action [is] pending" against her when, in fact, no such legal action could be taken because, inter alia, plaintiff's alleged debt is time barred and defendant is not a law firm, and, therefore, could not file suit against plaintiff in Maryland. (Id.

¶¶ 10-16.) According to plaintiff, this conduct constitutes a "false, deceptive, and misleading statement" in violation of 15 U.S.C. §1692e. (Id. ¶ 11.)[1]

Plaintiff served her Summons and Complaint on defendant on May 24, 2010. After defendant failed to file an Answer or otherwise defend, plaintiff filed a Motion for Entry of Default, which the Clerk granted on June 24, 2010. (Paper No. 5.) Plaintiff thereafter filed a Motion for Default Judgment (Paper No. 6) on July 9, 2010. In her motion, plaintiff seeks statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k, as well as $3,150 in attorney's fees and $442 in costs. (Id.) On July 12, 2010, Judge Quarles referred plaintiff's motion to the undersigned to review and to make recommendations. (Paper No. 7.)

## II. STANDARD FOR ENTRY OF DEFAULT JUDGMENT

In reviewing plaintiff's Motion for Entry of a Default Judgment (Paper No. 6), the court accepts as true the well-pleaded factual allegations in the complaint as to liability. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001). It, however, remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. Id.; see also 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court determines that liability is established, the court must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. The court does not accept factual

---

[1] While plaintiff's Complaint also alleges that defendant violated the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann. Com. Law § 14-204 et seq., and the Maryland Consumer Practices Act ("MCPA"), Md. Code. Ann. Com. Law §13-301 et seq. (Compl. ¶¶ 18-20), plaintiff did not raise these claims in her Motion for Default Judgment (Paper No. 6). Accordingly, the undersigned will not address these claims in this Report and Recommendation.

allegations regarding damages as true, but rather must make an independent determination regarding such allegations.  E.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999).  In so doing, the court may conduct an evidentiary hearing.  Fed. R. Civ. P. 55(b)(2).  The court can also make a determination of damages without a hearing so long as there is an adequate evidentiary basis in the record for the award.  See, e.g., Stephenson v. El-Batrawi, 524 F.3d 907, 917 n.11 (8th Cir. 2008) ("Foregoing an evidentiary hearing may constitute an abuse of discretion when the existing record is insufficient to make the necessary findings in support of a default judgment."); Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (court need not make determination of damages following entry of default through hearing, but rather may rely on detailed affidavits or documentary evidence to determine the appropriate sum).

In sum, the court must (1) determine whether the unchallenged facts in plaintiff's Complaint constitute a legitimate cause of action, and, if they do, (2) make an independent determination regarding the appropriate amount of damages.

### III. DISCUSSION

#### a. Defendant's Liability

Plaintiff asserts that defendant violated the FDCPA by representing to plaintiff that a "legal action [is] pending" against plaintiff when, in fact, no such legal action was pending. (Compl. ¶¶ 11-16.)  15 U.S.C. § 1692e forbids the use of "any false, deceptive, or misleading representation or means" in debt collection.  It further provides that a "threat to take any action that cannot legally be taken or that is not intended to be taken" falls within the definition of a "false, deceptive, or misleading representation."  15 U.S.C. § 1692e(5).  Debt collection notices violate §1692e(5) if: (1) a debtor would reasonably believe that the notices threatening legal action; and (2) the debt collector does not intend to or cannot take legal action against the debtor.

See, e.g., United States v. Nat'l Fin. Services, Inc., 98 F.3d 131, 135-36 (4th Cir. 1996) (attorney's letters to debtors threatening to take legal action violated §1692e(5) when attorney knew that filing suits was impracticable and creditor had no intention of suing thousands of debtors who received letters); Withers v. H.R. Eveland, 988 F. Supp. 942, 946 (E.D. Va. 1997) (non-attorney debt collector violated FDCPA by threatening legal action when, as non-attorney, it could not represent another before tribunal).

If accepted as true, the allegations set forth in plaintiff's Complaint would establish that defendant threatened to take legal action. (Compl. ¶¶ 11, 14; see also Collection Letter, Pl.'s Ex. 1, Paper No. 1-1 ("Carrie: Your account is seriously past due. To avoid legal action, paying legal fees & having to appear in court, your payment needs to be in our office by 5-13-10.").) In addition, if accepted as true, plaintiff's allegations would establish that defendant could not take legal action against plaintiff since, according to plaintiff's Complaint, plaintiff's debt is time-barred. (Compl. ¶ 12.) Similarly, since defendant is a corporation, it could not initiate a legal proceeding in Maryland. See Turkey Point Owners' Ass'n, Inc. v. Anderson, 106 Md. App. 710, 714, 666 A.2d 904, 906 (Md. Ct. Spec. App. 1995) (corporation must be represented by attorney in civil proceedings in Maryland (citing Md. Rules 1-202(q), 2-131(a)(2)); Local Rule 101.1.a (D. Md.) ("All parties other than individuals must be represented by counsel.").

   b. **Damages**

15 U.S.C. § 1692k provides that an individual may recover up to $1,000 from a debt collector who violates the FDCPA in attempting to collect a debt. Thus, I recommend granting plaintiff's request for $1,000 in statutory damages.

In addition, 15 U.S.C. § 1692k provides that a successful plaintiff may recover reasonable attorney's fees and costs. Plaintiff submitted an affidavit from her counsel, Mr.

Bernard T. Kennedy, Esq., with her Motion for Default Judgment in which Mr. Kennedy represents that: (1) he spent nine hours on this case; (2) the value of his time is $350 per hour; and (3) he has extensive experience in consumer transaction matters. (Paper No. 6-1.) I conclude that nine hours is a reasonable amount of time to have spent on this case to date and plaintiff's requested hourly rate is reasonable. Accordingly, I conclude that plaintiff's request for $3,150 in attorney's fees is reasonable and recommend granting this request. I also find that plaintiff's request for $442 in costs is reasonable and recommend granting this request. I, therefore, recommend entering a default judgment against defendant in plaintiff's favor in the amount of $1,000 for defendant's violation of the FDCPA, $3,150 in attorney's fees, and $442 in costs representing plaintiff's filing fee and the cost of serving defendant, for a total of $4,592.

## IV.  **CONCLUSION**

In sum, I recommend that:

1. The court GRANT plaintiff's Motion for Default Judgment, Request for Statutory Damages, Costs and Reasonable Attorney Fees (Paper No. 6); and

2. The court award plaintiff $1,000 for defendant's violation of the FDCPA, $3,150 in attorney's fees, and $442 in costs, for a total of $4,592.

I also direct the Clerk to mail a copy of this Report and Recommendation to defendant Advanced Credit Management, Inc. at the address listed on plaintiffs' Complaint (Paper No. 1).

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Date:   07-27-10                                                    /s/
                                                        Beth P. Gesner
                                                        United States Magistrate Judge